Haberstich agt. Fischer.

## SUPREME COURT.

ADAM HABERSTICH, appellant. agt. FREDERICK L FISCHER, respondent.

*Practice as to moving a cause for trial — When party, other than the one who noticed it for trial, may move it — Code of Civil Procedure, section 977.*

Though under ordinary circumstances the party only who has noticed a cause for trial can move it for that purpose, yet when a cause has been specially set down for the day on which it was moved, and no objection was made to the right of the defendant to move it, and the plaintiff's counsel, after the jury was drawn, simply refused to proceed with the trial, the court was justified in directing a dismissal of the complaint.

*First Department, General Term, June, 1884.*

*Before DAVIS, P. J., and DANIELS, J.*

APPEAL from an order setting aside the dismissal of a complaint at the circuit, on the payment of the term fee, disbursements and costs of motion.

*Henry H. Morange,* for appellant.

*W. H. & D. M. Van Cott,* for respondent.

DANIELS, J.— The position taken by the counsel for the plaintiff, that the party only who has noticed a cause for trial can move it for that purpose, is under ordinary circumstances a correct statement of the law (*Code of Civil Procedure, sec. 977*). But this case differs in its controlling circumstances from those in which this legal proposition has been applied.

Haberstich agt. Fischer.

It was first called for trial on Monday, the seventh of April, when it was announced to be ready by the plaintiff's counsel except that one of his witnesses was not then able to attend. For that reason the trial was postponed until the following Monday, when the cause was again called, and a person representing the plaintiff's counsel stated him to be unwell. It was then put over until the next day with a peremptory direction that it must then be tried. On that day this excuse was repeated and in like manner the case went over to the following day, with the announcement that in case the counsel's disability continued, other counsel must be engaged to try the cause on that day. The plaintiff's counsel was on that day in attendance at the court and applied for a further postponement of the trial. This was opposed by the defendant, who was ready to proceed, and a jury was directed to be impanneled. Up to this point no objection appears to have been made that the cause could not be moved for the want of notice from the defendant. But it had been at all times treated as entirely under the control of the court. There was no irregularity, therefore, in impanneling the jury, who were in readiness to hear the cause. The plaintiff's counsel was then directed to proceed, but declined to do so, and the complaint was thereupon dismissed.

This proceeding seems to have been entirely regular. The cause had been specially set down for the day on which it was moved, and no objection was taken to the right of the defendant to move it, and acting upon this apparent acquiescence in his right the jury was drawn. The cause was then regularly before them, and as long as the plaintiff's counsel, after that, simply refused to proceed with the trial the court was clearly justified in directing a dismissal of the complaint. It could as well be done then as it could if the plaintiff had endeavored to make out his right to recover by proof and had failed in doing so. The court would not, under such circumstances, be deprived of the power to dismiss the complaint because the defendant had not served notice of trial. The power was

equally as complete over the action as soon as the jury had been impanneled and were in readiness to proceed with the trial.

Upon a motion to set aside the dismissal, the court ordered that to be done on the payment of the costs and disbursements of the term, together with the costs of the motion. This was as favorable a disposition as the plaintiff could reasonably expect, and the order should therefore be affirmed, with the usual costs and disbursements.

DAVIS, P. J., concurred.